IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DISH NETWORK L.L.C., et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN JONES, | : | No. 12-1273 |
| Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                         **July 16, 2012**

Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC sued Defendant Benjamin Jones under several federal statutes for illegally intercepting copyrighted DISH Network satellite programming. Jones has not responded to the Complaint, and the Clerk of Court entered a default. Now before the Court is Plaintiffs' motion for a default judgment. For the following reasons, the Court grants the motion and awards statutory damages but denies Plaintiffs' request for a permanent injunction.

## I.     BACKGROUND

DISH Network provides television programming via satellite to approximately 14 million subscribers in exchange for subscription fees and pay-per-view purchase fees. (Compl. ¶¶ 9-10.) DISH Network purchases distribution rights for the programming it broadcasts from various copyright holders. (*Id.* ¶¶ 11-12.) The satellite signals are encrypted so that only subscribers with the necessary equipment—including a receiver from EchoStar Technologies and a smart card from NagraStar—can view DISH Network's programming. (*Id.* ¶¶ 13-14.)

Various devices and services have been developed for the purpose of illegally decrypting or

"pirating" DISH Network programming. (*Id.* ¶ 19.) Under one method, known as "control word sharing," "internet key sharing," or simply "IKS," end users download software onto their computers and receivers that allow them to receive descrambling codes from a pirate computer server and descramble DISH Network programming. (*Id.* ¶¶ 20-21.) In a separate lawsuit, Plaintiffs seized the business records of a pirate IKS service called Dark Angel. (*Id.* ¶¶ 22-23.) Those records show that Jones purchased a subscription to Dark Angel's service on May 13, 2010. (*Id.* ¶ 24.) Jones used Dark Angel to receive descrambling codes that enabled him to view DISH Network programming without authorization. (*Id.* ¶¶ 25-26.)

Plaintiffs filed this action against Jones on March 12, 2012, alleging violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(1), the Communications Act, 47 U.S.C. § 605(a), and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511(1)(a), 2520. Jones was served on March 27, 2012. After Jones failed to appear or respond to the Complaint within the required time frame, the Clerk of Court entered a default against him. Plaintiffs then moved for a default judgment.

**II.   STANDARD OF REVIEW**

A district court faced with a motion for default judgment should consider: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). The Court accepts as true any factual allegations, other than those as to damages, contained in the complaint. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005).

## III. DISCUSSION

### A. Liability Under the ECPA

Plaintiffs have agreed to dismiss their DMCA and Communications Act claims if the Court enters a default judgment on their ECPA claim. (Pls.' Br. in Supp. of Mot. for Default J. at 10.) The ECPA makes it unlawful to "intentionally intercept[]" any "electronic communication." 18 U.S.C. § 2511(1)(a). The ECPA allows a private party to sue for damages and injunctive relief. *See id.* § 2520; *Pepe*, 431 F.3d at 167. Encrypted satellite television transmissions are "electronic communications" within the meaning of the ECPA. *Pepe*, 431 F.3d at 166. Plaintiffs' allegations that Jones subscribed to Dark Angel and used the service to view DISH Network programming without authorization are sufficient to state a claim under the ECPA. *See, e.g.*, *DISH Network L.L.C. v. Rounds*, Civ. A. No. 11-241, 2012 WL 1158798, at *3 (W.D. Pa. Apr. 6, 2012) (holding that DISH Network stated an ECPA claim under similar facts); *DISH Network L.L.C. v. DelVecchio*, 831 F. Supp. 2d 595, 599 (W.D.N.Y. 2011) (same).

### B. Default Judgment

Plaintiffs will suffer prejudice if the Court denies their motion for default judgment because they will have no other way to vindicate their claim against Jones. *See Rounds*, 2012 WL 1158798, at *3. The Court interprets Jones's silence to mean that he has no litigable defense to Plaintiffs' ECPA claim. *See, e.g.*, *Carpenters Health & Welfare Fund of Phila. v. NDK Gen. Contractors, Inc.*, Civ. A. No. 06-3283, 2007 WL 1018227, at *1 (E.D. Pa. Mar. 29, 2007). Finally, the Court concludes that Jones's failure respond to the Complaint is due to culpable conduct, as the docket indicates he was properly served. *See, e.g.*, *York Int'l Corp. v. York HVAC Sys. Corp.*, Civ. A. No. 09-3546, 2010 WL 1492851, at *3 (D.N.J. Apr. 14, 2010). Therefore, entry of a default judgment

is appropriate, and the Court must determine the appropriate remedy.

### C. Statutory Damages

Plaintiffs seek statutory damages of $10,000. The ECPA provides that a "court may assess as damages whichever is the greater of" the plaintiff's actual damages and any profits resulting from the violation or "statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2). Plaintiffs have submitted evidence that Dark Angel provided only piracy services and had no legitimate business activities. (Decl. of Gregory Duval in Supp. of Pls.' Mot. for Default J. [Duval Decl.] ¶ 15.) Jones purchased a three-month subscription to Dark Angel and intercepted DISH Network programming through the service on at least ten separate occasions. (Decl. of Steven Rogers in Supp. of Pls.' Mot. for Default J. ¶¶ 4-5.) DISH Network's average monthly revenue per subscriber is $70. (Duval Decl. ¶ 18.)

An award of statutory damages is appropriate here and will deter Jones from engaging in such conduct in the future. *Rounds*, 2012 WL 1158798, at *4. "Although a court has the discretion [to determine] whether to award statutory damages, once it decides to do so, it has no discretion as to the amount." *Id.* at *3 (internal quotation marks omitted). In this case, Plaintiffs' actual damages and statutory damages of $100 for each day of violation are less than $10,000. The Court therefore awards Plaintiffs $10,000 in statutory damages.

### D. Injunctive Relief

Plaintiffs also seek a permanent injunction to prevent Jones from circumventing DISH Network's security system in the future. To obtain a permanent injunction, a "plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance

of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiffs argue that they have suffered an irreparable injury because piracy damages their relationships and goodwill with business partners and customers—a harm "inherently difficult, if not impossible," to calculate. (Pls.' Br. in Supp. of Mot. for Default J. at 8; Duval Decl. ¶ 17.) However, the Third Circuit has expressed doubt that loss of goodwill can constitute irreparable harm outside the context of trademark infringement and unfair competition. *See IDT Telecom, Inc. v. CVT Prepaid Solutions, Inc.*, 250 F. App'x 476, 479 (3d Cir. 2007). Plaintiffs also contend that Jones "enjoyed full access to all DISH Network programming through the Dark Angel IKS service, including premium and pay-per-view channels, the value of which far exceeds that built into the average subscriber calculation." (Pls.' Br. in Supp. of Mot. for Default J. at 8; Duval Decl. ¶ 18.) Plaintiffs do not allege, however, that this value is impossible to calculate.

Even assuming that Plaintiffs suffered an irreparable injury in the past, there is no indication that Jones will continue to harm them in the future. Because injunctive relief is prospective, "a permanent injunction will issue only where a threat of harm exists, not just where potential harm exists." *McLendon v. Cont'l Can Co.*, 908 F.2d 1171, 1182 (3d Cir. 1990); *see also Primepoint, L.L.C. v. PrimePay, Inc.*, 401 F. App'x 663, 664 (3d Cir. 2010) ("Where the illegal conduct has ceased, the party seeking the injunction bears the burden of proving that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.") (internal quotation marks omitted). It appears that the Dark Angel service is no longer operating. (*See, e.g.*, Duval Decl. ¶ 15.) Plaintiffs have not presented any evidence that Jones's piracy

will continue in the absence of an injunction or that the statutory damages awarded here will provide insufficient deterrence. Without a threat of future harm, a permanent injunction is unwarranted. *See, e.g.*, *Edwards Lifesciences AG v. CoreValve, Inc.*, Civ. A. No. 08-91, 2011 WL 446203, at *14-16 (D. Del. Feb. 7, 2011) (denying permanent injunction because plaintiff did not demonstrate threat of prospective harm); *J & J Sports Prods., Inc. v. Vasquez*, Civ. A. No. 06-335, 2006 WL 2583740, at *6 (E.D.N.Y. Sept. 7, 2006) (denying permanent injunction because plaintiff did not demonstrate that legal remedy of statutory damages was insufficient to deter future violations). "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2761 (2010). Because Plaintiffs have not shown that such relief is necessary to prevent prospective injury, the Court denies Plaintiffs' request for a permanent injunction.

**IV.    CONCLUSION**

Plaintiffs are entitled to a default judgment and statutory damages; however, the Court denies their request for a permanent injunction. An Order consistent with this Memorandum will be docketed separately.